AMERICAN FEDERATION OF HOME HEALTH AGENCIES, INC., a nonprofit corporation, et al., Plaintiffs-Appellants,

Professional Home Health Care, Inc., an Illinois nonprofit corporation, Movant-Appellant,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, et al., Defendants-Appellees.

No. 84–7228.

United States Court of Appeals, Eleventh Circuit.

Nov. 6, 1984.

Joe R. Whatley, Jr., Birmingham, Ala., for plaintiffs-appellants.

Frank W. Donaldson, U.S. Atty., Herbert J. Lewis, III, Asst. U.S. Atty., Birmingham, Ala., Anne L. Weismann, Harold J. Krent, Dept. of Justice, Civil Div., Washington, D.C., for defendants-appellees.

Before HILL and HENDERSON, Circuit Judges, and WISDOM *, Senior Circuit Judge.

WISDOM, Circuit Judge:

In the present action, we decide whether a challenge to the Secretary's modification of reimbursement procedures is barred by section 405(h) of the Medicare Act,[1] which precludes jurisdiction of certain claims until plaintiffs have exhausted their administrative remedies. The plaintiffs-appellants sought to enjoin the Secretary of Health and Human Services from implementing regulations that would transfer certain reimbursement functions from that Department to private intermediaries. The district court denied the plaintiff's motion for summary judgment on the ground that the court lacked jurisdiction over any of the plaintiff's claims. We affirm.[2]

---

\* Honorable John Minor Wisdom, U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

1. Section 405(h) provides as follows:

"The findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provid-

ed. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter."
42 U.S.C. § 405(h) (1982). Section 405(h) is incorporated into the Medicare Act by id. § 1395ii.

2. The district court also dismissed the complaint because the plaintiffs-appellants lack standing to assert the claim. Because we find that jurisdic-

## I.  FACTS

The plaintiffs, American Federation of Home Health Agencies, Inc., and Alacare Home Health Services, Inc., are medicare providers.  They challenged as "arbitrary and capricious" the Secretary's implementation of final regulations that would abolish Health and Human Services' Office of Direct Reimbursement and transfer its functions to various private intermediaries. *See* 49 Fed.Reg. 3648 (1984).  The district court dismissed the complaint for lack of jurisdiction.  The court held that the statutory limitation on judicial review of medicare determinations, 42 U.S.C. § 405(h) (1982), removed jurisdiction prior to an administrative determination by HSS's Provider Reimbursement Review Board (PRRB).  Under section 405(h), a district court cannot entertain a claim for benefits unless the applicant has first exhausted administrative remedies by appealing to the PRRB.

## II.  DISCUSSION

The plaintiffs contend that *National Association of Home Health Agencies v. Schweiker*, D.C.Cir.1982, 690 F.2d 932, 937, preserves jurisdiction of an action based on the APA to "vindicate an interest in procedural regularity".  In *National Association*, the court held that it had jurisdiction because the plaintiffs were not seeking money or other benefits and that the PRRB was therefore unavailable: "They merely challenge the method of reimbursement, a concern that is not cognizable under [the scope of the PRRB's legislative grant].....  Appellees seek to enjoin the Secretary from changing the method of processing payment claims." *Id.* at 938.  The plaintiffs similarly assert that in challenging the Secretary's decision to transfer responsibility for payment from the Office of Direct Reimbursement to private entities, they are attacking the procedure used for reimbursement, not claiming benefits under the Medicare Act.

The defendants counter that *National Association* has recently been limited by

*Heckler v. Ringer,* 1984, —— U.S. ——, 104 S.Ct. 2013, 80 L.Ed.2d 622.  In *Ringer,* the Secretary ordered HHS not to pay medicare benefits for a specific respiratory surgical procedure.  The complaint in *Ringer* alleged that the instructions violated constitutional due process provisions, that the instructions were arbitrary and capricious, and that the Secretary's decision violated the rulemaking requirements of the APA.  The complaint did not seek an award of benefits.  The *Ringer* court held that all of the claims raised in the complaint were "inextricably intertwined" with the claims for benefits and therefore all claims had first to be channeled into an administrative review.  *Id.*  The Court expressly rejected the procedural/substance division adopted below, mandating instead a broad construction of the term "claim arising under":

> We disagree ... that simply because a claim somehow can be construed as "procedural," it is cognizable in federal district court by way of federal question jurisdiction.
>
> .... [T]o be true to the language of the statute, the inquiry in determining whether § 405(h) bars federal question jurisdiction must be whether the claim "arises under" the Act, not whether it lends itself to "substantive" rather than a "procedural" label.

*Id.* at ——, 104 S.Ct. at 2021–22, 80 L.Ed.2d at 635–36.

According to the *Ringer* Court, "[F]ederal question jurisdiction is barred by 42 U.S.C. § 405(h) ... even in a case where [the] claimant is challenging the administrative *procedures* used to terminate welfare benefits".  *Id.* at ——, 104 S.Ct. at 2022, 80 L.Ed.2d at 636 (citing *Mathews v. Eldridge,* 1976, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18) (emphasis in *Ringer*).

We agree with the defendants that *Ringer* mandates preclusion of jurisdiction for the claim here.  The Supreme Court has interpreted 42 U.S.C. § 405(h) as "more than a codified requirement of administrative exhaustion"; it is a "sweeping and

tion was lacking, we do not address this alter-

nate ground for dismissal.

direct" bar to section 1331 jurisdiction over Social Security Act claims except to the extent authorized elsewhere in the Act. *Weinberger v. Salfi,* 1975, 422 U.S. 749, 757, 95 S.Ct. 2457, 2463, 45 L.Ed.2d 522, 534. *Ringer* has applied *Salfi* to claims that pertain to the administrative of claims even if the claimants do not seek "actual award of benefits" because they "arise under" the Social Security Act. *Ringer* at ——, 104 S.Ct. at 2022, 80 L.Ed.2d at 636. Thus the only avenue for judicial review of such determinations is section 405(g). *V.N.A. v. Heckler,* 11 Cir.1984, 711 F.2d 1020, 1025 n. 7 (1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1908, 80 L.Ed.2d 457 (1984).

This interpretation is also consistent with this Circuit's past readings of section 405(h). In *V.N.A. v. Heckler* this court flatly rejected the view of some circuits that litigants could still bring a claim in district court under section 1331 if the claim were to "vindicate an interest in procedural regularity". 711 F.2d at 1025. The court instead agreed with those circuits that "have held that total preclusion of review except after a PRRB decision is *precisely* what was intended". *Id.* (emphasis in original). This reading of section 405(h) is supported by *Ringer.*

We therefore find here that the plaintiffs' claims "arise under" the Social Security Act within the meaning of *Ringer.* We further find that the claims do eventually seek reimbursement under the Medicare Act and are therefore precluded from being heard in district court. The dismissal of the district court for lack of jurisdiction is hereby AFFIRMED.